**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| EW IP RESERVE, LLC, a Nevada Limited Liability Company, | |
| Plaintiff, | |
| v. | Case No.: 8:19-cv-1620 |
| JOHNNY'S EGG WORKS, INC., a Florida Profit Corporation, | **JURY TRIAL DEMAND** |
| Defendant. | |

**COMPLAINT AND JURY DEMAND**

Plaintiff EW IP Reserve, LLC, through its counsel, hereby complains of defendant Johnny's Egg Works Inc., and for a cause of actions states as follows:

**PARTIES**

1. Plaintiff EW IP Reserve, LLC is a Nevada LLC having its principle place of business at 9732 Highridge Dr. Las Vegas, Nevada 89134.

2. Johnny's Egg Works Inc. is a Florida corporation having its principle place of business at 133 South Scenic Hwy. Frostproof, Florida 33843.

**JURISDICTION AND VENUE**

3. This action arises under the trademark and unfair competition laws of the United States. 15 U.S.C. §1051 et seq.

4. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§1331 (federal question), 1338(a) (any Act of Congress

relating to patents or trademarks), and 1338(b) (any action asserting claim of unfair competition joined with a substantial and related claim under the trademark law) for the claims arising out of the violations of Sections 32(1)(a) and 43(a) and (c) of the Lanham Act.

5. This Court has supplemental jurisdiction over the pendent state and common law claims arising from the same nucleus of operative facts pursuant to 28 U.S.C. §1367(a).

6. This Court has personal jurisdiction over the defendant because its principal place of business is located within this District.

7. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## GENERAL ALLEGATIONS

### Plaintiff's Trademarks

8. Plaintiff EW IP Reserve, LLC is a holding company for the intellectual property associated with the chain of the Egg Works and the Egg & I Family Restaurants (hereinafter the "Egg Works Restaurants").

9. The Egg Works Restaurants originated in Las Vegas and have expanded to seven locations across Nevada.

10. The Egg Works Restaurants have a reputation for high quality restaurant services by offering excellent food, unsurpassed customer service, and affordable prices in a family-friendly environment.

11. To protect its valuable brand, EW IP Reserve has obtained federal trademark registrations for the restaurant services offered by the Egg Works Restaurants (collectively, the "Trademarks").

12. Plaintiff owns U.S. Federal Trademark Registration No. 3132146, filed on February

27, 2005 for the mark EGG WORKS in International Class 043 for restaurant services. The Section 15 affidavit was submitted and approved for this mark and the registration is now incontestable.

13. Plaintiff also owns U.S. Federal Trademark Registration No. 3578910, filed January 24, 2008 for the mark



in International Class 043 for restaurant services. The Section 15 affidavit was submitted and approved for this mark and the registration is now incontestable.

14. Plaintiff advertises nationwide for its Egg Works Restaurants services. Examples of Plaintiff's use of the EGG WORKS mark include the following:





15. Plaintiff has been using the EGG WORKS mark to provide restaurant services in the United States since at least as early as February 2005.

16. The EGG WORKS mark serves as a source-identifier for genuine Egg Works Restaurant services and is used in or on all restaurant services offered by Plaintiff in the United States.

17. Plaintiff EW IP Reserve LLC has invested significant time, energy, and money advertising, promoting, and selling restaurant services featuring the EGG WORKS mark, as well as ensuring the high quality of the services it provides which bear the EGG WORKS mark. These efforts have resulted in widespread and favorable public acceptance and recognition of the EGG WORKS mark.

**Defendant's Infringing Activity**

18. Defendant Johnny's Egg Works has promoted, offered for sale, and/or sold restaurant services under the EGG WORKS mark without license, authority, or other permission from EW IP Reserve, LLC to use its trademark.

19. Recently, Plaintiff discovered that Defendant Johnny's Egg Works was marketing, offering for sale and selling restaurant services featuring the EGG WORKS mark ("the Infringing Services"). The Infringing Services were not approved for sale by Plaintiff.

20. The Infringing Services were promoted by Defendant and sold under Plaintiff's EGG

WORKS mark.  Examples of the Infringing Services follow:





21. A predominant feature of both the genuine and the infringing restaurant menus is the "Egg Works" phrase.

22. Further, on December 6, 2018, Plaintiff sent a first cease-and-desist letter to Johnny's Egg Works Inc. regarding its sale of restaurant services bearing the EGG WORKS mark.

23. Defendant did not respond to the letter and continued to market and sell the Infringing Services, in purposeful disregard of Plaintiff's rights.

24. Plaintiff sent a second cease-and-desist letter to Defendant on May 22, 2019.  This

letter was hand-delivered to the manager of Defendant's restaurant.

25. Plaintiff did not respond to the second cease-and-desist letter and continued to market and sell the Infringing Services, in continued and purposeful disregard of Plaintiff's rights.

26. Defendant Johnny's Egg Works Inc. sold and continues to sell the Infringing Services despite having actual and specific knowledge of Plaintiff's rights in EGG WORKS marks and of EW IP Reserve's objection to Johnny's Egg Works Inc.'s sale of products bearing unauthorized copies of the EGG WORKS marks.

27. Johnny's Egg Works Inc. conduct is willful, intentional, and represents a conscious disregard for Plaintiff's rights EGG WORKS mark.  Further, the fact that Johnny's Egg Works Inc. continued its unlawful conduct by selling the Infringing Services even after receiving EW IP Reserve's cease-and-desist letters demonstrates Johnny's Egg Works Inc.'s intent to continue selling Infringing Services without regard for EW IP Reserve's intellectual property rights.

28. Defendant's conduct is likely to cause and, upon information and belief, has caused consumers to believe mistakenly that the Infringing Services are either affiliated with, endorsed by, authorized by, or somehow connected to Plaintiff, or that the Infringing Services sold and promoted by Johnny's Egg Works Inc. are genuine EW IP Reserve, LLC services.

29. The activities complained of herein have and continue to irreparably harm Plaintiff and dilute the distinctive quality of the EGG WORKS mark.

## FIRST CAUSE OF ACTION

### *Trademark Infringement - 15 U.S.C. § 1114*

30. Plaintiff incorporates the allegations in paragraphs 1 through 29 as though fully set forth herein.

31. Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from

using in commerce, without the consent of the registrant, any trademark or any reproduction, counterfeit, copy, or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake, or deception.

32. The EGG WORKS marks are federally registered.

33. Defendant has used the EGG WORKS mark in connection with the Infringing Services without Plaintiff's consent or authorization. Defendant's use, including the sale or offer for sale of the Infringing Services in commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to believe that Defendant's products emanate or originate from Plaintiff, or that Plaintiff has approved, sponsored, or otherwise associated itself with Defendant or its Infringing Services.

34. Through the unauthorized use of the EGG WORKS Mark, Defendant is unfairly benefiting from and misappropriating Plaintiff's goodwill and reputation. This has resulted in substantial and irreparable injury to the public and to Plaintiff.

35. Through Plaintiff's cease and desist letters with Defendant, Defendant has actual and direct knowledge of Plaintiff's prior use and ownership of the EGG WORKS mark. Defendant's conduct is therefore willful and reflects Defendant's intent to exploit the goodwill associated with the EGG WORKS mark.

36. Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff, and Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SECOND CAUSE OF ACTION

*False Designation of Origin - 15 U.S.C. § 1125(a)*

38. Plaintiff incorporates the allegations in paragraphs 1 through 29 as though fully set forth herein.

39. Defendant's unauthorized use in commerce of the EGG WORKS mark in connection with the distribution, advertising, promotion, offering for sale, and/or sale of the Infringing Services constitutes use of a symbol or device that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendant with Plaintiff and as to the origin, sponsorship, association, or approval of Defendant's Infringing Services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Defendant's actions as alleged herein, including but not limited to their unauthorized use in commerce of the EGG WORKS mark, constitutes use of a false designation of origin and misleading description and representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation or connection of Defendant with Plaintiff and as to the origin, sponsorship, association, or approval of Defendant's Infringing Services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Through Plaintiff's cease and desist letter and correspondence with Defendant, Defendant has actual and direct knowledge of Plaintiff's prior use and ownership of the EGG WORKS mark. Defendant's conduct is therefore willful and reflects Defendant's intent to exploit the goodwill associated with the EGG WORKS mark.

42. In conspiring to and actually committing these acts, Defendant acted willfully with fraud, malice, and/or a knowing and reckless indifference toward, and a disrespect of, the rights of others, and Defendant are liable to Plaintiff for punitive and exemplary damages.

43. Defendant's wrongful acts will continue unless enjoined by this Court.

44. Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## THIRD CAUSE OF ACTION

*Deceptive and Unfair Trade Practices – Fla Stat § 501.201, et seq.*

45. Plaintiff incorporates the allegations in paragraphs 1 through 29 as though fully set forth herein.

46. Defendant is engaged in trade or commerce in Florida.

47. Plaintiff had a reasonable expectation that Defendant would not infringe on its intellectual property.

48. Defendant's actions constitute unfair or deceptive acts or practices or unconscionable acts or practices in violation of the Florida Deceptive and Unfair Trade Practices Act, sections 501.202 through 501.213 of the Florida Statutes.

49. As a result of Defendant's unfair or deceptive acts or practices or unconscionable acts or practices, Plaintiff has sustained and continues to sustain substantial actual damages.

50. Defendant's actions are done knowingly, willfully, with actual malice, and in bad faith, so as to justify the assessment of increased, exemplary and punitive damages against Defendant, in an amount to be determined at the time of trial.

51. Defendant's tortious actions have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss, and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

52. Plaintiff is entitled to injunctive relief under Fla Stat §501.207-3.

## FOURTH CAUSE OF ACTION

*Unfair Competition – Common Law Unfair Competition*

53. Plaintiff incorporates the allegations in paragraphs 1 through 29 as though fully set forth herein.

54. Defendant's actions are an intentional business practice that is unfair, unlawful, and fraudulent and has materially diminished the value of Plaintiff's intellectual property.

55. Defendant's actions constitute unfair competition that knowingly and intentionally trades on and misappropriates Plaintiff's goodwill and business reputation for Defendant's enrichment.

56. Defendant's unfair competition has caused and will continue to cause damage to Plaintiff and it is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

57. Defendant has been unjustly enriched through its actions and should be disgorged of any unjust gains.

WHEREFORE, Plaintiff prays for judgement and injunction against Defendant as follows:

## PRAYER FOR RELIEF

A. For judgment that Defendant Johnny's Egg Works Inc.:

    i) has violated Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a);

    ii) has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    iii) has engaged in unfair competition in violation of Florida Statutes § 501.204;

    iv) has engaged in common law unfair competition; and

    v) that Defendant's activities were in all respects conducted or continued to be conducted willfully and for profit.

    B. That an injunction be issued enjoining and restraining Defendant Johnny's Egg Works Inc., each of their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with it from:

    i. Using the Trademarks or any other reproduction, counterfeit, copy or colorable imitation of the trademarks on or in connection with any goods or services;

    ii. Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure EW IP Reserve's business reputation or dilute the distinctive quality of the Trademarks;

    iii. Using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Trademarks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, importation, circulation, or distribution of any products;

    iv. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services rendered by Defendant are in any manner associated or connected with EW IP Reserve, or are sold, licensed, sponsored, approved, or authorized by EW IP Reserve;

    v. Destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the, production, distribution, circulation, sale, marketing, offer for sale, advertising, or promotion of all unauthorized services which infringe or dilute the Trademarks; and

    vi. Effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the

prohibitions set forth in subparagraphs (i) through (v).

C.  For the entry of an order directing Defendant Johnny's Egg Works to deliver up for destruction to EW IP Reserve all products, advertisements, promotional materials, and signage in their possession or under their control bearing the Trademarks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, and other means of production of same pursuant to 15 U.S.C. § 1118;

D.  For an assessment of: (a) damages suffered by Plaintiff, trebled, pursuant to 15 U.S.C. § 1117(b); or, in the alternative, (b) all illicit profits that Defendant derived while using Plaintiff's Trademarks, trebled, pursuant to 15 U.S.C. § 1117(b); or, in the alternative, (c) statutory damages, awarded to Plaintiff pursuant to 15 U.S.C. § 1117(c), of up to $2,000,000 for each trademark that Defendant has counterfeited and/or infringed, as well as attorneys' fees and costs; and (d) an award of Plaintiff's costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117 and Fla Stat 501.2105; and (e) punitive damages to the full extent available under the law;

E.  For interest as provided by law; and

F.  For costs of suit, and for such other and further relief as the Court shall deem appropriate.

## JURY DEMAND

Plaintiff requests trial by jury of all the issues in this matter.

Date: July 3, 2019

Respectfully submitted,

*/s/ Woodrow H Pollack*
Woodrow H. Pollack
Trial Counsel
Florida Bar No. 026802
**SHUTTS & BOWEN, LLP**
4301 W Boy Scout Blvd, Suite 300
Tampa, Florida 33607
(813) 463-4894
(813) 229-8901 (facsimile)
wpollack@shutts.com

Stephen H. Bean
*Pro Hac Vice Application to be submitted*
**LEGENDS LAW GROUP, PLLC**
330 N Main
Kaysville, UT 84037
(801) 337-4500
steve@legendslaw.com
*Attorneys for Plaintiff*