**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**EW IP RESERVE, LLC, a Nevada
Limited Liability Company,**

        **Plaintiff,**        **Case No. 8:19-cv-1620**

**v.**

**JOHNNY'S EGG WORKS, INC., a Florida
Profit Corporation,**

        **Defendant.**
_____/

## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

**COMES NOW,** JOHNNY'S EGG WORKS, INC., by and through its undersigned

attorney and as its *Answer and Affirmative Defenses* to the *Complaint* filed herein states:

## <u>ANSWER</u>

1. Without knowledge

2. Admit

3. Without knowledge

4. Admit

5. Without knowledge

6. Admit

7. Denied. Demand strict proof thereof.

## <u>AS TO GENERAL ALLEGATIONS</u>

8. Without knowledge

9. Without knowledge

10. Without knowledge and demand strict proof thereof.

11. Without knowledge and demand strict proof thereof.

12. Denied and demand strict proof thereof. Plaintiff has not attached a copy of the purported Trademark Registration to the Complaint.

13. Denied and demand strict proof thereof. Plaintiff has not attached a copy of the purported Trademark Registration to the Complaint.

14. Without knowledge and demand strict proof thereof.

15. Denied. Plaintiff alleges in paragraph 9 that it only provides restaurant services in the state of Nevada.

16. Denied. Plaintiff alleges in paragraph 9 that it only provides restaurant services in the state of Nevada.

17. Without knowledge and demand strict proof thereof.

## **AS TO PLAINTIFF'S CLAIM OF INFRINGING ACTIVITY**

18. Denied.

19. Denied.

20. Denied.

21. Denied

22. Without knowledge. Letter is not attached to the Complaint.

23. Denied

24. Without knowledge. Letter is not attached to the Complaint.

25. Denied

26. Denied

27. Denied

28. Denied

29. Denied

## <u>AS TO FIRST CAUSE OF ACTION</u>

30. Defendant re-asserts each and every response to allegations 1 through 29 as though fully set forth herein.

31. Denied. Plaintiff has misstated the provision.

32. Denied and demand strict proof thereof. The alleged Registered Trademarks are not attached to the Complaint.

33. Denied

34. Denied

35. Denied

36. Denied

37. Denied

## <u>AS TO PLAINTIFF'S SECOND CAUSE OF ACTION</u>

38. Defendant re-asserts each and every response to allegations in paragraphs 1 through 29 as though fully set forth herein.

39. Denied

40. Denied

41. Denied

42. Denied

43. Denied that any actions of the Defendant are ''wrongful''. The remainder of the allegation is also Denied.

44. Denied

## <u>AS TO PLAINTIFF'S THIRD CAUSE OF ACTION</u>

45. Defendant re-asserts each and every response to the allegations in paragraphs 1 through 29 as though fully set forth herein.

46. Admit Defendant is authorized to do business within the state of Florida. Plaintiff is not.

47. Denied

48. Denied

49. Denied

50. Denied

51. Denied

52. Denied

## AS TO PLAINTIFF'S FOURTH CAUSE OF ACTION

53. Defendant re-asserts each and every response to allegations in paragraphs 1 through 29 as though fully set forth herein.

54. Denied

55. Denied

56. Denied

57. Denied

## AFFIRMATIVE DEFENSES

1. The use of the words "Egg Works" and the accompanying graphics by the Plaintiff are NOT similar to the alleged use of the words "Johnny's Egg Works" and the accompanying graphics. As a result they are NOT likely to cause confusion; are Not likely to cause mistake; and Not likely to deceive. For example:

    a. Plaintiff purportedly uses only the words "Egg Works" and "Eggs & I". Conversely, the alleged infringing words are "Johnny's Egg Works."

    b. The font utilized by the Plaintiff is entirely different from the font used in the alleged infringing mark.

    c. Plaintiff uses the words Egg Works in conjunction with its graphics depicting two smiling Eggs, arm in arm.

    d. The alleged infringing mark uses the words Johnny's Egg Works in combination with graphics of a small chicken.

2. The mark for which Plaintiff claims is being infringed is the merely the words "Egg Works". Plaintiff does not assert infringement of the graphics used in conjunction with those words. As a result, the mark is "generic" and as a matter of law is incapable of receiving trademark protection unless it has established a "secondary meaning". Plaintiff has not alleged that its mark has established a secondary meaning and in actually, it has not. Therefore, the mark "Egg Works" is not capable of trademark protection.

3. The "strength" of the Plaintiff's mark is not sufficient enough to have been infringed or to receive protection.

4. The Plaintiff's mark and that of the alleged infringing mark are not "similar" as a matter of law.

5. Plaintiff has not claimed, nor can it, that there is a "similarity of the actual sales methods" of the marks, such as their sales outlets.

6. Plaintiff has not claimed, nor can it, that they share the same "customer base" as the alleged infringing mark.

7. The Plaintiff has not claimed, nor can it, that it utilizes "similar advertising methods" as the alleged infringing mark.

8. There are no specific factual allegations nor any demonstration that the Defendant in any way intended to "misappropriate the Plaintiff's good will."

9. There has been no "actual confusion in the consuming public" as to the two marks.

10. The Plaintiff operates only in the state of Nevada. Plaintiff is only authorized to do business in Florida. The vast "geographical distance" between the parties makes it impossible for the same customer base to be confused by the marks.

11. The Plaintiff is not authorized "to do business" in the state of Florida and cannot, as a matter of law, establish that the Defendant has misappropriated Plaintiff's good will, if any.

12. The use of the graphics and the font associated with each mark, clearly distinguish them from each other.

13. There is no basis for a claim of punitive damages as alleged by the Plaintiff. To the extent it attempts to assert a claim under Florida law, the same should be stricken in that the Plaintiff has failed to comply with Florida Statute 768.73.

## **DEMAND FOR ATTORNEY FEES**

The Defendant has retained the undersigned law firm to represent it in this cause and has obligated itself to pay a reasonable attorney fee and costs. Defendant therefore demands Judgment against the Plaintiff for reasonable attorney fees and costs pursuant to the applicable provisions of the Lanham Act, 15 U.S.C. 1117; the provisions of Florida Statute Chapter 501; and the provisions of Rule 11 of the Federal Rules of Civil Procedure.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing is being filed

Electronically this 5th day of August,2019 with the Clerk of the Court via CM/ECF, which will

send notice of the electronic filing to all counsel of record.

**ROBERT K. EDDY, P.A.**

/s/ Robert K. Eddy_____
320 W. Kennedy Blvd., Suite 700
Tampa, FL 33606-1492
Tel: (813) 251-8800
Fax: (813) 251-5042
Email: reddy@e-rlaw.com (primary)
Email: bcruz@e-rlaw.com(secondary)
FBN: 210501